By the Court, Barbour, J.
This case comes before us upon exceptions, directed to be heard here in the first instance and for judgment.
The action is brought upon a promissory note for $750, alleged to have been made by the defendants, payable to the order of C. L. Derby, and indorsed by him. The case shows that the defendants made the note for the accommodation of Derby, and that the latter indorsed the same and placed it in the hands of one Van Aernam, with instructions to get it discounted for him, (Derby.) After that, but before the note became due, Charles E. Battelle called upon the plaintiff with the note and requested him to buy it, but he refused to do so unless he could be satisfied that the signature was genuine. Battelle then went.out, and after being gone some minutes, returned and informed the plaintiff that he had seen one of the makers of the note and had been told by him that it was genuine and would be paid; and, thereupon, the plaintiff bought and paid for it.
■ Upon the trial, Battelle testified that when he left the plaintiff, .as above mentioned, he went to one of the defendants and asked him if the note was “ all right,” and that the latter answered that it was, and would be paid at maturity. Another witness, (Clark,) in giving an account of that conversation, stated that the reply of the defendant was that he gave the note to accommodate Derby, and he supposed Derby would take it up, but that he, (the defendant,) would not do so, as it was not a business note.
The judge directed a verdict for the plaintiff, to which the defendants’ counsel excepted; and the only point raised by *336 him here is that such direction was erroneous, inasmuch as there was contradictory testimony touching the conversation between Battelle and the defendant.
The objection is, clearly, untenable. The plaintiff bought the negotiable promissory note in question, before the same was due, on the representation of the then holder that it was genuine, and having no reason, so far as the testimony shows, to suspect the truth of the statements so made to him. His right to recover, therefore, was perfect, and could in no manner be affected by a conversation between his vendor and the makers of the note, of which he had no knowledge previous to his purchase ; whether such conversation was correctly stated by Battelle or by Clark, or by neither.
The plaintiff is entitled to judgment upon the verdict, with costs.